IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARIA LINDA V. GORDON, | : | Civil Action No. |
| | : | |
| Plaintiff | : | |
| v. | : | JURY TRIAL DEMANDED |
| | : | |
| MACY's, INC. and | : | |
| MACY'S RETAIL HOLDINGS, INC., | : | |
| | : | |
| Defendants | : | |

**COMPLAINT**

**PARTIES**

1. Plaintiff, Maria Linda V. Gordon ("Ms. Gordon"), is a 64-year-old person of color and an Asian/Filipino Female, having been born December 27, 1950, and currently residing at 127 Ewe Road, Mechanicsburg, Pennsylvania 17055.

2. Defendant, Macy's, Inc. ("Defendant" or "Macy's"), is an Ohio corporation with its principal place of business located at 7 West Seventh Street, Cincinnati, Ohio 45202.

3. Defendant, Macy's Retail Holdings, Inc., is an affiliate or subsidiary of Macy's, Inc., and is an Ohio corporation with its principal place of business located at 7 West Seventh Street, Cincinnati, Ohio 45202. (Defendants are collectively referred to herein as "Defendants," "Defendant," or "Macy's.")

## **JURISDICTION AND VENUE**

4. This Court has subject matter jurisdiction over this action because Plaintiff's claims arise, in part, under the Civil Rights Act of 1866, 42 U.S.C. § 1981; Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, as amended by the Civil Rights Act of 1991, 42 U.S.C. §1981a; and the Americans with Disabilities Act of 1990, *as amended* ("ADA"), 42 U.S.C. §12101, *et seq*.; and the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq*. Pursuant to 28 U.S.C. § 1367(a), this Court has supplemental or pendent jurisdiction over Plaintiff's state law claims.

5. This is a civil action involving claims in excess of $75,000, exclusive of interest and costs. Jurisdiction is based on 28 U.S.C. §§1331, 1332 (federal question and diversity).

6. Plaintiff received EEOC's notice of right to sue fewer than 90 days before the filing of this complaint.

7. Venue over this action lies with the United States District Court for the Middle District of Pennsylvania.

**FACTUAL ALLEGATIONS COMMON TO ALL COUNTS**

8. From July 2004 until approximately March 18, 2013, Ms. Gordon was hired and employed by Macy's Retail Holdings, Inc. and/or its affiliates or predecessors in interest as a part-time, daytime Sales Clerk.

9. Defendants engaged in a pattern of discrimination and/or retaliation against Asians/Filipinos, older, and disabled employees and made preferential hiring, promotion, and other employment decisions in favor of Caucasian, younger, and able-bodied employees.

10. On or about July 16, 2011, Plaintiff sustained left arm, left leg, left hip, and back injuries while working for Macy's.

11. Plaintiff's work injuries resulted in significant pain and restrictions in the affected areas.

12. As a result of her work-related injuries, Plaintiff's doctors prescribed crutches and later a cane and a left wrist brace.

13. Additionally, Plaintiff was suffering from a history of Charcot-Marie-Tooth Disease (CMT), a lifelong condition which causes numbness and weakness in her hands and lower extremities.

14. As a result of her work-related injuries, Plaintiff missed several days of work, but ultimately returned to work with ongoing restrictions as stated.

15. As a result of her work injury and CMT and related restrictions, Plaintiff made several requests for accommodation at various relevant times leading up to her termination on approximately March 18, 2013.

16. Plaintiff regularly informed Macy's of her medical conditions and work restrictions which included no sitting or standing for more than two hours without a break and no work requiring her to use her hands in a strenuous manner.

17. Despite her ongoing restrictions and requests for accommodation, Macy's failed to grant work breaks and failed to provide a lighter duty job.

18. As a result of her work injury (and her ongoing CMT), Macy's retaliated against Plaintiff and began to make unsubstantiated criticisms of her work performance.

19. In early 2013, Macy's also denied Plaintiff's request for a 20-hour work week with benefits and instead hired an under-40, able-bodied white female (Sara) who was treated more favorably than Plaintiff in terms of added hours, better assignments, and general conditions of employment.

20. On March 2, 2013, one of Macy's managers, Clair Geiger, abruptly told Plaintiff she was suspended and ordered her to go home.

21. Plaintiff asked Ms. Geiger why she was being suspended, and she falsely claimed that Plaintiff had slapped a customer's hand.

22. Plaintiff adamantly denied Ms. Geiger's allegation and asked to speak with the Vice President/Store Manager, Cindy Geiser, about the suspension.

23. Ms. Geiger denied Plaintiff's request, and Plaintiff was escorted out the door by Ms. Geiger and by security.

24. On or about March 5, 2013, Plaintiff met with Ms. Geiser and Diana Vavreck of Human Resources.

25. After her meeting, Plaintiff complained to senior employees of Human Resources including Mr. Feld and Jim Fitzgerald, and Plaintiff was asked to provide a statement of her position.

26. Although no deadline was given for Plaintiff's submission of a position statement, Plaintiff was regularly explaining her grievances to Human Resources during this period.

27. On March 15, 2013, Plaintiff called Cindy Geiser and inquired about the status of her suspension.

28. In response, and to Plaintiff's surprise, Ms. Geiger confirmed that Macy's was sending Plaintiff a letter of termination by certified mail.

29. At all relevant times, as a result of her color, race, national origin, age, and disabilities, Plaintiff was disciplined, retaliated against, and terminated, and was otherwise denied employment opportunities, wages, and benefits which

were granted in favor of Caucasian, younger, and able-bodied employees, including job accommodations and more favorable employment terms.

**COUNT I**
**RACIAL/COLOR/NATIONAL ORIGIN RETALIATION**

30. Plaintiff incorporates by reference herein paragraphs 1 through 30 above.

31. Defendants unlawfully harassed, discriminated and retaliated against Plaintiff, a person of color and an Asian/Filipino, American, in violation of various federal statutes including without limitation: the Civil Rights Act of 1866, 42 U.S.C. § 1981; Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e-2(a), §2000e-3(a), as amended by the Civil Rights Act of 1991, 42 U.S.C. §1981a.

32. As a result of Defendants' unlawful conduct, Plaintiff sustained lost wages, reduced hourly rate, lost overtime, lost bonuses, lost retirement and employee benefits, attorneys' fees and costs, and other unliquidated losses and damages in excess of $75,000, plus interest and costs.

33. Additionally, as a result of Defendants' intentional wrongdoing, which was committed in bad faith and in reckless disregard of her interests, Plaintiff is entitled to punitive damages in excess of $75,000, plus interest and costs.

34. As a further result of Defendants' unlawful conduct, Plaintiff has suffered emotional pain, suffering, inconvenience, mental anguish, depression, anxiety, related medical conditions, and loss of life's enjoyment in an unliquidated amount in excess of $75,000, plus interest and costs.

**WHEREFORE**, Plaintiff demands judgment in her favor and against Defendants, jointly and severally, including the following relief:

A. reinstating or hiring her to her former or another comparable position;

B. compensation for back and front pay, including all forms of compensation, employee benefits, and retirement;

C. compensatory, statutory, and punitive damages in amounts to be determined at trial;

D. attorneys' fees, costs, and interest; and

E. such other relief as the Court deems appropriate.

**COUNT II**
**<u>RACIAL/COLOR/NATIONAL ORIGIN DISCRIMINATION</u>**

35. Plaintiff incorporates by reference herein paragraphs 1 through 34 above.

36. Plaintiff was more qualified than her Caucasian comparators, who were promoted, were permitted to continue working with accommodations, and

were granted more favorable employment opportunities, benefits, and compensation.

37. Defendants' suspension, firing, and other adverse action concerning Plaintiff constituted racial/color/national origin discrimination and retaliation in violation of federal law.

38. Defendants' actions, inactions, practices, and policies were in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000(e), as amended by the Civil Rights Act of 1991, 42 U.S.C. §1981a, and the Civil Rights Act of 1866, 42 U.S.C. §1981.

39. As a result of Defendants' unlawful conduct, Plaintiff has incurred those damages, attorneys' fees, and costs set forth more fully in Count Plaintiff above.

**WHEREFORE**, Plaintiff demands judgment in her favor and against Defendants, jointly and severally, including the following relief:

A. reinstating or hiring her to her former or another comparable position;

B. compensation for back and front pay, including all forms of compensation, employee benefits, and retirement;

C. compensatory, statutory, and punitive damages in amounts to be determined at trial;

D. attorneys' fees, costs, and interest; and

E. such other relief as the Court deems appropriate.

## COUNT III
## DISABILITY DISCRIMINATION AND RETALIATION

40. Plaintiff incorporates by reference herein paragraphs 1 through 39 above.

41. At all relevant times, Plaintiff had legally protected disabilities under the Americans with Disabilities Act, as amended, including:

(a) a physical and/or mental impairment that substantially limits one or more major life activities;

(b) a record of such an impairment; and/or

(c) being regarded as having such an impairment.

42. Defendants discriminated and retaliated against her based on her work injury, her CMT, and her related disabilities within the meaning of the Americans with Disabilities Act, as amended, even though she was qualified and was capable of performing the essential functions of her job with or without accommodation.

43. Additionally, Defendants failed to provide requested and reasonable accommodation for her disabilities; disciplined, suspended, retaliated against

and/or terminated her as a result of and/or in retaliation for her workers' compensation claim/injuries and disabilities; and otherwise violated various laws prohibiting disability discrimination including Title VII of the Civil Rights Act, the Civil Rights Act of 1991, and the Americans with Disabilities Act, as amended, 42 U.S.C. § 12101 *et seq*.

44. As a result of Defendants' unlawful conduct, Plaintiff has sustained lost wages, lost retirement, and other benefits, attorneys' fees and costs, and other unliquidated losses and damages in excess of $75,000, plus interest and costs.

45. Additionally, as a result of Defendants' intentional wrongdoing, which was committed in bad faith and in reckless disregard of her interests, Plaintiff is entitled to punitive damages in excess of $75,000, plus interest and costs.

46. As a further result of Defendants' wrongful acts and omissions, Plaintiff has suffered emotional pain, suffering, inconvenience, mental anguish, depression, anxiety, related medical conditions, and loss of life's enjoyment in an unliquidated amount in excess of $75,000, plus interest and costs.

**WHEREFORE**, Plaintiff demands judgment in her favor and against Defendants, jointly and severally, including the following relief:

A. reinstating or hiring her to her former or another comparable position;

B. compensation for back and front pay, including all forms of compensation, employee benefits, and retirement;

C. compensatory, statutory, and punitive damages in amounts to be determined at trial;

D. attorneys' fees, costs, and interest; and

E. such other relief as the Court deems appropriate.

**COUNT IV**
**AGE DISCRIMINATION AND RETALIATION**

47. Plaintiff incorporates by reference herein paragraphs 1 through 46 above.

48. From July 2004 to approximately March 18, 2013, Plaintiff was employed by Macy's, an employer covered by the ADEA.

49. Plaintiff was born on December 27, 1950 and, at all relevant times, was in the class of individuals protected from age discrimination under the ADEA.

50. During her employment, Plaintiff's job performance consistently met or exceeded Defendants' performance standards.

51. At all times prior to her suspension and termination, Plaintiff was capable and qualified to perform her job.

52. At the time of her discharge, Plaintiff was 62 years old.

53. After disciplining Plaintiff, Defendants gave her job (or more preferential conditions of employment) to one or more individuals who were under 40, who had less seniority, and who were less qualified than Plaintiff.

54. Defendants' unlawful acts and omissions, as alleged herein, violate the provisions of the ADEA.

55. As a result of Defendants' wrongful acts and omissions, Plaintiff has incurred lost wages and lost employee benefits and seniority in an unliquidated amount in excess of $75,000, plus interest and costs.

56. As a further result of Defendants' wrongful acts and omissions, Plaintiff has suffered embarrassment, emotional distress, humiliation, and mental anguish in an unliquidated amount in excess of $75,000, plus interest and costs.

57. Plaintiff is entitled to lost wages and employee benefits, job reinstatement, and all other damages and remedies under the ADEA, together with accrued interest and costs.

58. Additionally, as a result of Defendants' intentional wrongdoing, which was committed in bad faith and in reckless disregard of her interests, Plaintiff is entitled to punitive damages in excess of $75,000, plus interest and costs.

**WHEREFORE**, Plaintiff demands judgment in her favor and against Defendants, jointly and severally, including the following relief:

A. reinstating or hiring her to her former or another comparable position;

B. compensation for back and front pay, including all forms of compensation, employee benefits, and retirement;

C. compensatory, statutory, and punitive damages in amounts to be determined at trial;

D. attorneys' fees, costs, and interest; and

E. such other relief as the Court deems appropriate.

**COUNT V**
**WRONGFUL TERMINATION UNDER STATE LAW**

59. Plaintiff incorporates by reference herein paragraphs 1 through 58 above.

60. Defendants retaliated against and wrongfully discharged Plaintiff in violation of its employee policies and/or as a result of Plaintiff's reported worker's compensation claim, which constituted violations of public policy under Pennsylvania law.

61. As a result of Defendants' unlawful conduct, Plaintiff has sustained lost wages, lost overtime, lost bonuses, lost retirement and employee benefits, and

other unliquidated losses and damages in excess of $75,000, plus interest and costs.

62. Additionally, as a result of Defendants' intentional wrongdoing, which was committed in bad faith and in reckless disregard of Plaintiff's interests, Plaintiff is entitled to punitive damages in excess of $75,000, plus interest and costs.

63. As a further result of Defendants' unlawful conduct, Plaintiff has suffered emotional pain, suffering, inconvenience, mental anguish, depression, anxiety, related medical and mental health conditions, and loss of life's enjoyment in an unliquidated amount in excess of $75,000, plus interest and costs.

**WHEREFORE**, Plaintiff demands judgment in her favor and against Defendants, jointly and severally, including the following relief:

A. reinstating or hiring her to her former or another comparable position;

B. compensation for back and front pay, including all forms of compensation, employee benefits, and retirement;

C. compensatory, statutory, and punitive damages in amounts to be determined at trial;

D. attorneys' fees, costs, and interest; and

E. such other relief as the Court deems appropriate.

Respectfully submitted,

KEEFER WOOD ALLEN & RAHAL, LLP

Dated: 8/13/15

By: s/Bradford Dorrance

Bradford Dorrance
PA I.D. #32147
417 Walnut Street
4th Floor Rear
P. O. Box 11963
Harrisburg, PA 17108-1963
bdorrance@keeferwood.com
(717) 255-8014 (phone)
(717) 255-8042 (fax)

(Attorneys for Plaintiff)